### KELSEY *v.* BURGESS.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

HIGHWAYS—TRESPASS BY OVERSEER—DEFENSES.

 A certificate of commissioners of highways, ascertaining and describing a road, under 1 Rev. St. N. Y. p. 501, subd. 3, requiring them to ascertain and describe roads which had been laid out, but not sufficiently described, and also roads used for 20 years, but not recorded, did not purport to be based either upon a record or upon an adjudication of user for 20 years. *Held,* that it was not a defense to an action against an overseer of highways for trespass in removing a fence across the road, erected by the owner of the land; and that proof was admissible, on behalf of plaintiff therein, that the road was not a public highway, either by use or dedication.

Appeal from circuit court, Queens county.

Action by Edward L. Kelsey against Robert Burgess for trespass. From a judgment for defendant entered on a verdict directed by the court, plaintiff appeals. 1 Rev. St. N. Y. p. 501, § 1, subd. 3, provides that it shall be the duty of the commissioners of highways in the several towns "to cause such of the roads used as highways as shall have been laid out, but not sufficiently described, and such as shall have been used for 20 years, but not recorded, to be ascertained, described, and entered of record in the town-clerk's office."

Argued before BARNARD, P. J., and PRATT, J.

*Henry A. Monfort,* for appellant. *James L. Baxter,* for respondent.

BARNARD, P. J. The road in question was not proven to have been laid out and entered of record as a highway. The plaintiff proved a good title to the land over which the alleged road passed. The road had been used by the public more or less until April, 1889, when the plaintiff built a fence across both ends of the road, but conforming to his boundary lines. The defendant, acting under the direction of the commissioners of highways, removed the fence, which is the trespass alleged in the complaint. The defendant proved a certificate or order of the commissioners ascertaining and describing the road as a highway. The court held the certificate conclusive upon the plaintiff that the *locus in quo* was a highway, and dismissed the complaint. The

commissioners acted under 1 Rev. St. p. 501, subd. 3. This subdivision re-quires the commissioners to ascertain, describe, and enter of record, roads- which had been laid out, but not sufficiently described, and also roads used for 20 years, but not recorded. The certificate given in evidence did not purport to be based upon a record, nor upon an adjudication by the commissioners- that there had been a user of 20 years without record. The commissioners have not adjudicated upon either branch of the statute, but simply order the- road to be ascertained, and "that said road is hereby ascertained and de-scribed." The certificate did not, therefore, furnish of itself any defense for the trespass. There is no appeal from this order of the commissioners. *People* v. *Judges*, 24 Wend. 491; *Wiggins* v. *Tallmadge*, 11 Barb. 457. If the road had been used 20 years as a public highway that will be a defense for the removal of the fence. The court refused the plaintiff the right to prove that the same had not been used as a highway, and was not a public highway, either by use or dedication. If the certificate had adjudicated the road to have been used for 20 years, it was not conclusive. The land-owner had the right to have the fact passed upon by a jury. *Wiggins* v. *Tallmadge*, 11 Barb. 457. The judgment and order refusing new trial should therefore be reversed, and a new trial granted, costs to abide event.